UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jason Evans, Case No. 3:26-cv-1940

Plaintiff,

v. ORDER

Feldman Sandusky, II LLC,

Defendant.

On August 17, 2026, Plaintiff Jason Evans filed this action, asserting this Court had original diversity subject matter jurisdiction over the matter. (Doc. No. 1-2 at 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

In this case, Plaintiff alleges he "is a resident of the State of Ohio," and Defendant Feldman Sandusky, II LLC "is a foreign corporation organized and existing under the laws of a neighboring state, doing business within this jurisdiction, and subject to the equitable decrees of this Court."

(Doc. No. 1 at 2). But as Defendant's name suggests, Feldman Sandusky, II LLC is a limited liability company.[1] Therefore, Feldman Sandusky, II LLC's citizenship is determined by the citizenship of each of its members and sub-members. Because Plaintiff has not provided this information, I cannot determine Defendant's citizenship and cannot conclude this Court's diversity jurisdiction was properly invoked. *See Delay*, 585 F.3d at 1005.

I acknowledge that the requisite information may be difficult for Plaintiff, who is acting *pro* se, to locate. But in every civil action, "[t]he plaintiff bears the burden of establishing a court's subject matter jurisdiction over a claim." *Shea v. State Farm Ins. Companies*, 2 F. App'x 478, 479 (6th Cir. 2001) (citing *Whittle v. United States,* 7 F.3d 1259, 1262 (6th Cir.1993). And "[t]he requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (*Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). After all, "'[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co.*, 523 U.S. 83 at 94 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

Put simply, I cannot grant Plaintiff any relief until he has established this Court's subject matter jurisdiction over his claims. And the Federal Rules of Civil Procedure require that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court **must** dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

Under the circumstances here, I conclude that dismissing this action without prejudice is the best course of action. Plaintiff has filed an "emergency" motion for relief, (*see* Doc. No. 3), but I cannot entertain the motion or grant any relief because he has not yet established this Court has

[1] *See* Business Search, Ohio Secretary of State, *available at* https://ohio.gov/business/resources/business-search.

subject matter jurisdiction over his claims. In turn, it is highly unlikely that Plaintiff will be able to acquire the information necessary to establish Defendant's citizenship expeditiously so that he can meet his burden of establishing subject matter jurisdiction. Finally, because Defendant Feldman Sandusky, II LLC "d.b.a. Firelands Honda," (Doc. No. 1 at 1), is located at "2301 Hayes Ave. Sandusky, OH 44870", (Doc. No. 1-1 at 7), I am concerned Plaintiff's efforts may reveal only that Defendant *is* a citizen of Ohio and complete diversity does not exist. As such, rather than delaying Plaintiff's ability to get the relief he requests by granting him an extension of time to attempt to demonstrate diversity of citizenship, something he might never be able to do, I dismiss the case without prejudice so that Plaintiff may file his claims in a Court that undoubtedly has jurisdiction over them and might grant him the "emergency" relief he seeks.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge